UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: ) | BK No.: | 22-05828 |
| Jose Cisneros ) | | |
| ) | Chapter: | 13 |
| ) | Honorable Jacqueline P Cox | |
| ) | | |
| ) | | |
| Debtor(s) ) | | |

**ORDER GRANTING MOTION OF U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGLOO SERIES IV TRUST FOR IN REM RELIEF FROM THE AUTOMATIC STAY, CO-DEBTOR STAY AND ABANDONMENT AND REQUEST FOR TWO-YEAR PERIOD OF IN REM RELIEF AGAINST THE PROPERTY KNOWN AS 3102 ST. JAMES ST., ROLLING MEADOWS, IL 60008**

This matter is before the Court upon the Motion of U.S. Bank Trust National Association, as Trustee of the Igloo Series IV Trust for an order for In Rem relief from the automatic stay and co-debtor stay and abandonment and request for two-year period of In Rem relief against the property known as 3102 ST. JAMES ST., ROLLING MEADOWS, IL 60008 ("Movant"). The Court finds that the Motion is well-taken and hereby

GRANTED.

IT IS ORDERED AND ADJUDGED that the Automatic Stay is lifted as to U.S. Bank Trust National Association, as Trustee of the Igloo Series IV Trust ("Movant"), and that the property known as 3102 ST. JAMES ST., ROLLING MEADOWS, IL 60008 is deemed abandoned, and that Movant is allowed to exercise its legal rights under applicable law as to the Property, including but not limited to foreclosure against the Property under the Mortgage, and that Movant is granted prospective relief from the automatic stay such that any future bankruptcy filings within two years by either of the Debtor or Co-Debtor or any party claiming an interest in the property or any party to whom the Debtor or Co-Debtor or any party claiming an interest in the property may transfer the Property, will not hinder Movant's ability to exercise its rights under the Mortgage and will not require relief from the automatic stay in that case, and for such other and further relief as this court deems just and proper.

The court finds that this case is one of several filed by the debtor and others to affect the mortgagee's interests and is part of a scheme to delay, hinder and defraud the mortgagee.

If recorded in compliance with applicable State laws governing notices of interests or liens in real property, this order shall be binding in any other case filed by this debtor or any other debtor under the Bankruptcy Code purporting to affect such real property filed not later than 2 years after the date of the entry of this order, except that a debtor in a subsequent case under the Bankruptcy Code may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing.

Any federal, State or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order. 11 United States Code Section 362(d)(4).

This is a final order; however, the stay of Bankruptcy Rule 4001(a) is not applicable.

Enter: *Jacqueline P. Cox*

Honorable Jacqueline Cox
United States Bankruptcy Judge

Dated: July 18, 2022

**Prepared by:**

Jon J. Lieberman (OH 0058394)
Sottile & Barile, Attorneys at Law
394 Wards Corner Road, Suite 180
Loveland, OH 45140
Phone: (513) 444.4100
bankruptcy@sottileandbarile.com